Docket No. 02-1240

REENA RAGGI, Circuit Judge, concurring in the judgment:

I join in the Court's affirmance of Perez's conviction and write separately only on his claim of an unwaivable attorney conflict of interest.

To the extent Perez relies on United States v. Schwarz, 283 F.3d 76 (2d Cir. 2002), to support this claim, I agree with my colleagues that the circumstances of this case are not at all analogous to the "highly 'unusual facts'" that prompted a finding of unwaivable conflict in Schwarz. **[See ante at 15]** (quoting United States v. Schwarz, 283 F.3d at 96). I similarly agree that the category of cases where conflicts are unwaivable is "very narrow" indeed. **[See ante at 18]**. Where I depart from my colleagues is in their reiteration of the "no rational defendant" standard that the Court has sometimes employed as a means of identifying this narrow category of unwaivable conflicts. **[See ante at 19, 21, 22]**.

Preliminarily, I note that after surveying the applicable Supreme Court and Second Circuit precedents, the Court does today draw a distinction between waivable and unwaivable conflicts that may assist district courts when contemplating what often seem like "no-win" conflict decisions. Specifically, the Court clarifies that only "actual" conflicts are unwaivable and, even then, only if they are so severe as to (a) indicate per se ineffective assistance of counsel or, (b) be analogous to per se ineffectiveness in the conflict's "breadth and depth." **[See ante at 17-18]** (quoting United States v. Fulton, 5 F.3d 605, 613 (2d Cir. 1993)). On the other hand, if an attorney suffers from a "lesser [actual] or only a potential conflict," the conflict is waivable, provided the defendant's choice is knowingly and intelligently made. **[See ante at 18]** (quoting United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994)); cf. United States v. Locascio, 6 F.3d

1

924, 931 (2d Cir. 1993) (recognizing courts' discretion to reject knowing and intelligent waiver when attorney conflict infects the integrity of judicial proceedings); United States v. Arrington, 867 F.2d 122, 129 (2d Cir. 1989) (same). In this much of the Court's analysis, I am prepared to join. My concern is with the Court's further reference to whether a conflict is one that "no rational defendant" would waive.

It appears that the Court first referenced "no rational defendant" in the context of an unwaivable conflict in 1993 in United States v. Fulton, 5 F.3d at 613. There, however, its purpose was to emphasize that no defendant could waive an attorney conflict so severe as to equate to per se ineffective assistance of counsel.

> The danger arising from representation by a counsel who has been implicated in related criminal activity by a government witness is of a different order of magnitude, however. Advice as well as advocacy is permeated by counsel's self-interest, and no rational defendant would knowingly and intelligently be represented by a lawyer whose conduct was guided largely by a desire for self-preservation.

Id. By the following year, the "no rational defendant" reference had assumed a more definitional role in identifying unwaivable conflicts: "If the court discovers that the attorney suffers from a severe conflict – such that no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation – the court is obliged to disqualify the attorney." United States v. Levy, 25 F.3d at 153. In Levy, the Court did not expand on what it meant by "no rational defendant," perhaps because its focus was not on the rationality of the defendant or his choice, but on his failure to receive the information necessary to execute a knowing and intelligent waiver of his attorney's myriad conflicts. Id. at 155-59. After Levy, reference to the "no rational defendant" standard became routine in cases involving any conflict of interest challenge. See

2

Ciak v. United States, 59 F.3d 296, 305 n.5 (2d Cir. 1995) (reversing for failure to inquire into attorney conflict); United States v. Lussier, 71 F.3d 456, 462 (2d Cir. 1995) (rejecting defendant's claim that his conflict waiver was not knowing and intelligent); United States v. Malpiedi, 62 F.3d 465, 468 n.2 (2d Cir. 1995) (reversing conviction where defendant did not waive attorney conflict that resulted in lapse of representation); United States v. Kliti, 156 F.3d 150, 153 (2d Cir. 1998) (reversing conviction where court failed to inquire if defendant was willing to waive attorney conflict).

More recently, the "no rational defendant" standard was invoked by the Court in United States v. Schwarz, to explain that "the conflict between [counsel's] representation of Schwarz, on the one hand, and his ethical obligation to the PBA as his client and his self interest in the PBA retainer, on the other, was so severe that no rational defendant in Schwarz's position would have knowingly and intelligently desired [the attorney's] representation." 283 F.3d at 96. But as the facts in Schwarz revealed, the defendant – at least at one time – had desired, indeed, had insisted on, the representation of his conflicted attorney. Moreover, in Schwarz, unlike in Levy, Ciak, Malpiedi, and Kliti, the defendant made this choice after a flawless Curcio inquiry, highlighted by his own impressive recitation of the nature of his attorney's conflict. Id. at 83.

After Schwarz, then, district courts might well wonder what it means to conclude that "no rational defendant" would choose to be represented by a lawyer with a particular conflict, especially when the defendant standing before them is adamantly and cogently asserting that that is precisely his choice. They would find little assistance by looking to the common meaning of the word "rational." A person is usually considered "rational" if he is in possession of his reason and competent to use it. See Webster's Third New International Dictionary 1885 (1993). I do

3

not, however, understand the Court in <u>Schwarz</u> to have been questioning the defendant's mental competency, whether with respect to his choice of representation or any other aspect of his defense. Neither could the Court have rejected the defendant's conflict waiver simply because it viewed the choice as "woefully foolish," for when the issue is whether and how an accused is to be represented by counsel, courts will not "assume too paternalistic an attitude in protecting the defendant from himself." **[See <u>ante</u> at 18]** (quoting <u>United States v. Curcio</u>, 694 F.2d 14, 25 (2d Cir. 1982)).

In sum, because I am not quite certain what we mean by our reference to "no rational defendant" in identifying unwaivable conflicts, I would not continue to use this standard. To my mind, a conflict is not unwaivable because no rational defendant would proceed under such circumstances. Rather, a conflict is unwaivable because it presents such extraordinary circumstances that even a rational defendant cannot be permitted to offer a knowing and intelligent waiver. If I am correct, we should focus on identifying those narrow circumstances as precisely as possible. To continue to refer to conflicts that "no rational defendant" would waive is more confusing than elucidating.